No. 684 July 30, 2025 313

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DARREN A. TAYLOR,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A185424

Submitted June 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for petitioner.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed and remanded.

**LAGESEN, C. J.**

Petitioner seeks judicial review from a 2024 final order of the Board of Parole and Post-Prison Supervision (board) that set petitioner's sex offender notification level at Level III. Petitioner raises three assignments of error, each relating to an aspect of the argument that the board erred by not considering his time in the community since his 2005 release, during which he did not commit any further sexual offenses. *See Thomsen v. Board of Parole*, 333 Or App 703, 13 554 P3d 308, *rev den*, 373 Or 81 (2024) (board had to consider offense-free time in the community since release when setting notification level). We reverse and remand the board's order.[1]

Petitioner made arguments below that somewhat related to the issues he raises on review, but acknowledges that he did not exhaust his administrative remedies; he also argues that we need not engage in plain-error review after relaxing exhaustion requirements, but also requests plain error review. We have previously determined that it is appropriate to relax or set aside administrative exhaustion requirements in these circumstances, and we do so here. *Watson v. Board of Parole*, 329 Or App 13, 21, 540 P3d 20, 25 (2023). And, as in *Watson*, assuming without deciding that we must engage in plain-error review, we conclude that the error is plain and we exercise our discretion to correct it for the same reasons as in that case.

The board concedes that it erred by not considering petitioner's offense-free time in the community when it assessed petitioner's risk of reoffending. We agree with and accept the board's concession. The appropriate remedy is to reverse and remand the board's order for further proceedings. *Thomsen*, 333 Or App at 717.

Reversed and remanded.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.